No. 33,548

VIVIAN C. UTT, *Appellee*, v. THE NATIONAL LIFE AND ACCIDENT INSURANCE COMPANY, *Appellant*.

(73 P. 2d 1095)

Opinion filed December 11, 1937.

*J. D. Fair, W. A. Kahrs* and *Henry Butler*, all of Wichita, for the appellant.
*Earl M. Knight,* of Arkansas City, for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was an action on a health and accident insurance policy. Judgment was for plaintiff. Defendant appeals.

On August 4, 1935, defendant issued a health and accident policy to plaintiff. The policy provided for health and accident benefits, also for certain benefits in case of accidental death. The premium on the policy was forty cents a week, payable in advance.

One provision in the policy was as follows:

"This policy shall not lapse for nonpayment of premiums until the premiums for four weeks are in arrears. . . . The insured, however, shall not be en-

titled to sick or accidental benefits when premium payments are in arrears for two weeks or more, and the subsequent payment of such arrears shall not entitle the insured to benefits for sickness or disability beginning or occurring during the period of such arrears."

The trial court found that the injury occurred November 4, 1936, and that the premium payments on the policy were overdue and in arrears for two weeks and two days on that date.

The court further found that at no time had plaintiff made his payments to the home office of defendant, but at all times made his payments to the agent of defendant, who called and collected them; that the agent called on plaintiff on the 26th of October for a payment and received none, and again on November 2 with the same result.

The court further found that during the period between the date of the issuance of the policy and the date of the accident there was only one time when plaintiff's premiums were paid in advance, as provided in the policy; that at all other times the policy was in arrears from one to four weeks.

The court further found that it was not only the usual custom and practice of the defendant's agent at Arkansas City to collect and receive overdue premiums from this plaintiff without cancellation of the policy, but that this was the custom and practice of defendant's agent in all his dealings with other policyholders in Arkansas City.

The conclusion of law of the trial court was that while on November 4, 1936, the date of the accident, the policy was in arrears more than two weeks in default of premiums, the policy was still in full force and effect, due to the custom of the defendant's agent in receiving overdue premiums as much as one to four weeks in arrears. The trial court further concluded as a matter of law that by reason of the custom and practice in receiving and accepting overdue payments of premiums, and by reason of the defendant company's receiving payments made to defendant's agent at Arkansas City, and not insisting that said payments be made to its home office as specified in the insurance policy, the plaintiff had a right to believe and did believe and rely upon the fact that the defendant company would not insist upon a forfeiture or a lapse of certain terms of the policy for his failure to pay said premiums on the day provided. Judgment was entered in accordance with the above findings. The appeal is from that judgment.

The argument of plaintiff is that to warrant a recovery on an in-

surance policy when the premiums are not paid when due it is necessary to prove the following, as stated in 14 R. C. L. 1184:.

"(1) The course of dealing between the insured and the insurer in reference to the acceptance of overdue payments amounting to a custom or habit;

"(2) That by reason of this course of dealing, the insured was justified in believing that the insurer would not insist on a forfeiture for failing to pay subsequent premiums;

"(3) That the insured believed he could postpone the payment of premiums without risking a forfeiture; and

"(4) That he acted on this belief, and therefore did not pay the premium at its maturity."

The theory of this rule is that where the insurance company has by a course of conduct led the insured to think that he could pay up his dues after they had become in arrears and thereby keep the policy in force, then it cannot wait until sometime when a loss has occurred and insist that the policy has lapsed according to its terms.

The trouble with that argument and the conclusion reached by the trial court is that they fail to give the correct interpretation to the clause in the policy already set out. In the first place, the clause provides that the policy shall not lapse for nonpayment of premiums until the premiums for four weeks are in arrears. That much of the clause would seem to give the insured four weeks to pay his premiums. We must, however, examine the balance of the clause When we do this we find a provision that the insured shall not be entitled to sick or accidental benefits when premium payments are in arrears for two weeks or more and the subsequent payment of such arrears shall not entitle the insured to benefits for sickness or disability beginning or occurring during the period of such arrears. The insurance company endeavored by the above clause to meet the situation we are considering. For some reason it saw fit to have a different provision as to premiums becoming in arrears for sickness and disability benefits than it had for accidental death benefits. No reason appears why this clause is unreasonable or void. This being the case, it cannot be said that the acceptance of the premiums after the policy was in arrears was a waiver of any right of the company. It has been said that—

"A waiver of a contract right implies a voluntary and intentional renunciation of it, and some positive act or positive inaction inconsistent with the contract right is necessary to create a waiver." (*Street Lighting Co. v. City of Wichita,* 101 Kan. 452, 168 Pac. 1090.)

This being the rule, what right did defendant renounce here by receiving the payments on this policy after the premiums had been over two weeks in arrears? It did not renounce a right to declare the policy lapsed as to health and accident benefits because, under the terms of the clause we have referred to, the insured had a right to pay premiums at any time within four weeks, and thereby keep the policy in force as to death benefits. It was the duty of the insurer to accept these payments. Were this a claim for accidental death benefits under the policy, there would be no question about the liability. It will be noted that the trial court did not find that there was any custom established of paying health and accident benefits when the premiums were over two weeks in arrears. We are not called upon to pass on the question of what the effect of the payment of the premium was after it had been in arrears more than two weeks, and the accident happened more than two weeks after the policy was in arrears, but before the premium was paid. Here the accident happened after the policy was over two weeks in arrears. The policy provided that the insured should not be entitled to sick or accidental benefits when premium payments were in arrears for two weeks or more. We hold that nothing happened to prevent this clause from becoming effective. It follows that the judgment of the trial court was wrong in overruling the demurrer of defendant to the evidence of plaintiff. The result that has been reached makes it unnecessary for us to consider the authority of the trial court to order the defendent insurance company to pay the attorney for plaintiff a fee for services performed in this court.

The judgment of the trial court is reversed with directions to enter judgment for defendant.